Fifth Circuit in Yarnell v. Hillsborough Packing Co., 70 F.(2d) 435, decided April 14, 1934.

I will, therefore, sign orders when submitted by counsel (1) refusing to issue a preliminary injunction *at the present time*, but with leave to the complainant to reapply for the injunction at any time hereafter for good cause shown; (2) overruling the defendants' motion to dismiss the bill of complaint; and (3) requiring the defendants to answer on the merits within the time heretofore prescribed by order of court.

and against the schooner T. K. Bentley and tug Stella, and reserved for consideration the question of limitation of liability on the part of the T. K. Bentley.

The captain of the T. K. Bentley had gone ashore. Had he been on board it is not likely that the accident would have occurred.

█ The captain's absence cannot prevent limitation of liability on the part of the T. K. Bentley. Even though the absence of the master, pilot, or some other competent person constituted negligence on the part of the T. K. Bentley, the absence of the master and the pilot cannot be charged to the privity and knowledge of the owner.

Settle decree accordingly.

### THE T. K. BENTLEY.

### THE STELLA.

#### Nos. 13961, 13958.

District Court, E. D. New York.
March 12, 1934.

Crowell & Rouse, of New York City, for petitioner Bentley.

Thomas A. McDonald, of New York City, for petitioner McCarren Towing Line, Inc.

A. Howard Neely, of New York City, for claimant.

MOSCOWITZ, District Judge.

On the trial the court ordered a decree in favor of the yachts Virginia and Vanities,

### PARAFFINE COMPANIES, Inc., v. Mc-EVERLAST, Inc.

District Court, S. D. California, C. D.
May 4, 1934.

Charles L. Evans, of Los Angeles, Cal., and Hugh N. Orr and Miller & Boyken, all of San Francisco, Cal., for plaintiff.

Lyon & Lyon, of Los Angeles, Cal., for defendant.

McCORMICK, District Judge.

This is a suit in equity for the alleged infringement of two combination patents for pipe wrapping machines. The defenses urged are lack of invention, nonpatentability because of anticipation and noninfringement. The court at the conclusion of the hearing reserved decision until voluminous